FILED
08/02/2024
Clerk of the
Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT NASHVILLE
Assigned on Briefs at Knoxville July 23, 2024

## STATE OF TENNESSEE v. AUSTIN CUNNINGHAM

**Appeal from the Circuit Court for Maury County**
**No. 2021-CR-29283       J. Russell Parkes, Judge**
_____

**No. M2023-00909-CCA-R3-CD**
_____

A Maury County jury convicted the Defendant, Austin Cunningham, of possession of methamphetamine with the intent to sell and possession of a firearm during the commission of or attempt to commit a dangerous felony, among other offenses. The trial court ordered the Defendant to serve an effective twelve-year sentence. On appeal, the Defendant asserts that the evidence is legally insufficient to sustain his convictions and that the trial court erred when it denied alternative sentencing. Upon our review, we hold that the Defendant has waived his issues by failing to properly prepare his brief in accordance with Tennessee Rule of Appellate Procedure 27. Although we remand Count 6 for entry of a modified judgment as to the sentence imposed, we respectfully affirm the trial court's judgments in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgments of the Circuit Court Affirmed as Modified; Case Remanded**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and MATTHEW J. WILSON, JJ., joined.

William C. Barnes, Jr., Columbia, Tennessee, for the appellant, Austin Cunningham.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Brent A. Cooper, District Attorney General; and J. Victoria Haywood and Pamela S. Anderson, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

# FACTUAL BACKGROUND

In the early morning hours of March 9, 2021, Tennessee Highway Patrol Sergeant Adam Smith and Trooper David Greene stopped the Defendant, suspecting him of impaired driving. During the stop, Trooper Green saw a loaded 9mm KelTec gun in the back driver's side floorboard of the vehicle, and the officers asked the Defendant to exit his car for safety reasons. During a pat-down search, the officers found a small bag of methamphetamine in the Defendant's pants pocket. When questioned, the Defendant revealed that approximately thirty grams of methamphetamine were located in a box in the vehicle.

The officers inspected the box and found digital scales; two plastic baggies containing a green plant material that appeared to be marijuana; and two other baggies that contained methamphetamine. The officers also found $742 in cash.

The officers asked the Defendant to perform several standardized field sobriety tests. On each of the tests, the Defendant showed multiple indicators of being under the influence of an intoxicant. The Defendant acknowledged that he had smoked marijuana and methamphetamine within the previous five hours, and a later test confirmed the presence of Delta 9 THC and methamphetamine in his blood.

On October 4, 2021, a Maury County grand jury charged the Defendant with two felony offenses: possession of 26 grams or more of methamphetamine with the intent to sell, a Class B felony, and possession of a firearm during the commission of or attempt to commit a dangerous felony, a Class D felony. It also charged him with five misdemeanor offenses, including driving under the influence of an intoxicant and driving while in possession of methamphetamine. After a trial conducted in January 2023, the jury found the Defendant guilty of these charges.[1]

The trial court imposed an effective sentence of twelve years. The court sentenced the Defendant as a Range I, standard offender to serve nine years for the Class B felony and a consecutive three-year term for the Class D felony. After also imposing sentences for each of the various misdemeanor convictions, the court aligned these sentences concurrently with the felony sentences.

---

[1] The indictment also charged the Defendant with failing to wear a seatbelt law and violating the financial responsibility law. The State dismissed these charges before trial, and the Defendant has raised no issue with these charges on appeal.

The Defendant filed a timely motion for a new trial, which the trial court denied on June 8, 2023.  The Defendant filed a timely notice of appeal twelve days later.

## ANALYSIS

On appeal, the Defendant challenges the legal sufficiency of the evidence supporting his convictions and the denial of alternative sentencing.  In response, the State argues that the evidence is sufficient to sustain the convictions and that the Defendant has waived consideration of sentencing issues by failing to present supporting arguments or authorities.  In our view, the Defendant has waived each of these issues.

### A.    WAIVER OF ISSUES

The Defendant first challenges the legal sufficiency of the evidence supporting each of his convictions.  He asserts that his arrest was not supported by probable cause and that the case should have been dismissed.  He also questions whether he could have been found guilty of the possession offenses given that his brother owned the car.  As to sentencing, the Defendant asserts only that "sentencing [him] to serve the twelve (12) year portion of his sentence was improper."

The Defendant has clearly identified the issues, but, respectfully, has fallen short of his other obligations as an appellant.  As an intermediate court of appeals, our function is principally to review and correct errors.  *State v. Phifer*, No. M2013-01401-CCA-R3-CD, 2014 WL 4698499, at *16 (Tenn. Crim. App. Sept. 23, 2014), *no perm. app. filed*.  Properly conceived, our role is not to "sit as self-directed boards of legal inquiry and research, sallying forth each day looking for wrongs to right."  *State v. Bristol*, 654 S.W.3d 917, 924 (Tenn. 2022) (citations and alteration omitted).  Instead, we rely upon the parties to identify the errors *they* believe were committed in the trial court and to show why *they* believe the law entitles them to relief on appeal.  *See Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011) (stating that the appellant should identify "those issues most amenable to success on appeal and present those issues to the court supported by citation to authorities and appropriate references to the record").

To that end, "simply raising an issue is not sufficient to preserve it for appellate review."  *State v. Gooch*, No. M2022-01395-CCA-R3-CD, 2024 WL 2814624, at *4 n.4 (Tenn. Crim. App. June 3, 2024).  Instead, Tennessee Rule of Appellate Procedure 27(a)(7)(A) requires the appellant to set forth the contentions "with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]"  Reinforcing this requirement, Rule 10(b) of the rules of this court cautions that "[i]ssues which are not supported by argument, citation

to authorities, or appropriate references to the record will be treated as waived in this court." *See also State v. Molthan*, No. M2021-01108-CCA-R3-CD, 2022 WL 17245128, at *2 (Tenn. Crim. App. Nov. 28, 2022) (finding waiver when the defendant did not "make any argument in support of this issue in his brief" and did not "cite to any authorities or appropriate references in the record"), *no perm. app. filed*.

In his brief, the Defendant generally alleges that the proof does not support his convictions. However, he does not identify any element of his seven convictions that he believes is not supported by sufficient evidence. In his argument, he cites no cases or other authorities apart from those identifying the appropriate standard of appellate review. Although he asserts that his "arrest is no good" and "the case should have been dismissed," he cites no statutes, cases, or other authority that could advance or support either conclusion.[2]

As to the sentencing issue, the Defendant alleges that the trial court should have imposed an alternative sentence to incarceration. However, he does not support this issue with any argument, citations to authority, or reference to the record from the trial or sentencing hearing.

In essence, to address the Defendant's concerns, we must construct developed arguments from his conclusory statements and make assumptions about the extent of his requests for relief. We must then examine the record for relevant testimony, evidence, and information necessary to address and resolve those arguments in the context of the applicable law and proper standards of appellate review.

Our role as an error correction court does not include—and perhaps does not even permit—our undertaking the efforts required by the Defendant's submission. *See City of Memphis v. Edwards by & Through Edwards*, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *2 (Tenn. July 5, 2023) ("[D]ecades of caselaw and the very foundations of our adversarial justice system dictate that courts cannot and should not shoulder the burden of fashioning the arguments of the parties who have chosen not to do so for themselves." (citation omitted)). After all, the parties generally "know what is best for them and are responsible for advancing the facts and argument entitling them to relief." *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *5 (Tenn. Crim. App. Nov. 9, 2023) (citation omitted), *perm. app. denied* (Tenn. May 16, 2024). Because the Defendant's brief does not comply with Tennessee Rule of Appellate Procedure 27(a)(7), we must conclude, regretfully but respectfully, that he has waived appellate consideration

---

[2] The record contains no indication that the Defendant filed a motion to suppress evidence.

of the issues raised. *See State v. Moss*, No. E2022-01227-CCA-R3-CD, 2023 WL 5702902, at *5 (Tenn. Crim. App. Sept. 5, 2023), *no perm. app. filed*.

### B.      MODIFICATION OF CLASS B MISDEMEANOR SENTENCE

The State notes that a clerical error exists in the judgment for Count 6 relating to the Defendant's conviction for driving a motor vehicle while in possession of methamphetamine. Although the judgment of conviction correctly reflects that this conviction is for a Class B misdemeanor offense, the judgment reflects a sentence greater than the maximum of six months authorized for this crime. *See* Tenn. Code Ann. §§ 55-50-506(a)(1); 40-35-111(e)(2).

It is clear that the trial court intended to impose the maximum sentence for this offense, and the Defendant does not challenge the length of this sentence on appeal. As such, we respectfully order that the judgment be modified to reflect a sentence of six months. *See State v. Guin*, No. E2022-00391-CCA-R3-CD, 2023 WL 8675582, at *12 (Tenn. Crim. App. Dec. 15, 2023), *perm. app. denied* (Tenn. May 16, 2024); *State v. Hines*, No. E2012-02456-CCA-R3-CD, 2013 WL 5940634, at *9 (Tenn. Crim. App. Nov. 5, 2013), *no perm. app. filed*. All other aspects of the original judgment of conviction for this offense shall remain as ordered by the trial court.

### CONCLUSION

In summary, we hold that the Defendant has waived the challenges to his convictions and sentences by failing to properly prepare his brief in accordance with Tennessee Rule of Appellate Procedure 27. We also remand Count 6 of the indictment for entry of a modified judgment to reflect a sentence of six months. In all other respects, we respectfully affirm the judgments of the trial court.

_____
TOM GREENHOLTZ, JUDGE

5